Note.—Reported in 205 N. W. 72. See, Headnote (1), American Key-Numbered Digest, Commerce, Key-No. 62, 12 C. J. Secs. 129, 141; (2) Evidence, Key-No. 20(1), 23 C. J. Sec. 1810; (3) Licenses, Key-No. 16(9), 37 C. J. Sec. 78; (4) Licenses, Key-No. 7(1), 37 C. J. Sec. 78; (5) Taxation, Key-No. 42(1), 37 Cyc. 747; (6) Constitutional Law, Key-Nos. 205(1), 229(1), 12 C. J. Sec. 827; Licenses, Key-No. 7(1), 37 C. J. Sec. 53.

---

BRICTSON, Plaintiff, v. KNIGHT, Defendant.

(205 N. W. 35.)

(File No. 5791.   Opinion filed August 29, 1925.)

1. **Abatement and Revival—Courts—Partition—Mortgages—Pendency of Partition Held Not to Deprive Court of Jurisdiction to Try and Determine Suit for Foreclosure of Mortgage.**

    The pendency of a partition suit, under Rev. Code 1919, Secs. 2798-2845, inclusive, to which mortgagee was made party and appeared, and the appointment of a receiver to sell the property therein, does not deprive court of jurisdiction to try and determine suit to foreclose mortgage, as mortgagor wishing to avail himself of the exclusive feature provided for in section 2804 should appear in the foreclosure suit.

2. **Mandamus—Appeal and Error—Judicial Error Can Be Reviewed on Appeal Only.**

    Entertainment of foreclosure suit while partition suit was pending being at most judicial error, judgment can be reviewed on appeal only, and not on mandamus to compel vacation of judgment.

Mandamus by O. A. Brictson to compel Hon. W. W. Knight, Judge of the Circuit Court of the Third Judicial Circuit, to set aside a judgment of foreclosure of a real estate mortgage. Writ dismissed.

*Olaf Eidem, M. E. Culhane,* and *B. H. Schaphorst,* all of Brookings, for Plaintiff.

*Cheever & Cheever* and *P. H. Collins,* all of Brookings, for Defendant.

(1)   To point one of the opinion, Appellant cited: Robinson v. McKinney, 29 N. W. 658; Martin v. Walker, 58 Cal. 590, 596.

(2)   To point two, Appellant cited: Huron v. Campbell, 53 N. W. 182, 184; Bucki v. Atlantic Lbr. Co., 128 Fed. 332; In re Simons, 247 U. S. 231, 38 Sup. Ct. 497.

Respondent cited: Mead County Bank v. Decker, 98 N. W. 86.

POLLEY, P. J.   This is an original proceeding in mandamus, brought to compel the defendant as judge of the circuit court to set aside a judgment of foreclosure of a real estate mortgage.

The plaintiff, O. A. Brictson, and one Harry G. Williams were the owners as tenants in common of a quarter section of land.   When they purchased the land they took the title subject to certain incumbrances, among others a mortgage for $4,000 owned by one Horace Fishback.   Williams appears to have been in possession of said land or to have collected the rents and income therefrom, and in April, 1923, Brictson commenced an action against Williams for an accounting for his half of the rents and profits from said land.   In his complaint in this action plaintiff recognized the existence and validity of Fishback's mortgage. Williams answered, and in his answer he recognized the existence and validity of the Fishback mortgage.   He also in his answer set up a counterclaim, in which he pleaded the facts requisite to entitle him to a partition of the said land.   He also alleged that the land could not be divided without prejudice to the owners thereof, and therefore he asked that a commissioner be appointed to sell said land and, after paying off the claims against the same, to divide the balance of the proceeds thereof between plaintiff and himself as their rights might appear.

Thereafter plaintiff filed an amended and supplemental complaint.   Williams again answered, and again set up a counterclaim, in which he asked that the property be sold on partition, and that the proceeds, after paying Fishback's mortgage, be divided between plaintiff and himself according to their respective rights.

Upon the issues thus raised a trial was had and judgment entered, which, among other things, decreed a partition sale of the premises and appointed a commissioner to make such sale and report the same to the court. Thereafter the case appears to have been reopened; an amended summons naming Fishback among a number of additional parties who were served. A supplemental complaint was served on Fishback, which, among other things, alleged that his mortgage was a valid mortgage and a first lien against said real estate and that the same should be first paid out of the proceeds of the sale therein provided for, in accord with the terms of said mortgage. To this supplemental complaint Fishback interposed an answer, in which he set out his mortgage and pleaded all the facts necessary to entitled him to a decree foreclosing his mortgage, and asked that his mortgage be "decreed to be a prior and paramount lien upon the said premises," and that the rights of the plaintiff be decreed to be inferior to the rights of defendant Fishback under said mortgage, but did not ask for a foreclosure of his mortgage. This answer is dated July 5 ,1924.

[1, 2] On the 14th day of the same month, Fishback commenced an action against Brictson et al, in which he pleaded the same facts relative to his mortgage that he had pleaded in his answer in the partition suit, and asked for a foreclosure of his mortgage and that the property be sold to pay the same. For some wholly unexplained reason, none of the defendants entered an appearance in the foreclosure action, and plaintiff took judgment foreclosing his mortgage and directing that the mortgaged premises be sold. Immediately after the entry of this judgment, plaintiff in this proceeding moved the court in the partition suit to set aside the judgment in the foreclosure suit and to dismiss that suit. This motion was based on two grounds: First, that the remedy by partition is exclusive, and that the court was without jurisdiction to entertain any other action or proceeding affecting the title to the mortgaged premises; and second, that the court having made an order directing a partition sale of the mortgaged premises and appointed a receiver for the purpose of selling said property and distributing the proceeds, such property was in the custody of the court, and could not be interfered with in any other proceeding. This motion was denied, and plaintiff instituted this proceeding to compel the circuit judge to set aside said judg-

ment of foreclosure and dismiss the foreclosure suit. The application in this proceeding is based upon the same grounds as those urged in the said motion. This reduces the controversy in this case to the single question: Did the pendency of the partition suit and the appointment of a receiver to sell the property deprive the circuit court of jurisdiction to try and determine the foreclosure suit? For if that court was not deprived of jurisdiction in the foreclosure suit by the pendency of the partition suit, then the entertaining of the foreclosure suit was judicial error at most, and can be reviewed on appeal only.

The procedure in partition matters is found in sections 2798-2845, inclusive, Rev. Code 1919. Under the provisions of this law any person having an estate of inheritance in real property may maintain an action for partition. All persons having an interest in or lien upon the property must be made parties to the suit, and all parties who have been served with summons must come in and set forth the nature and extent of their claim or interest, "or they are deemed to have waived their right to such lien." Section 2804, c. 1919. It is because of these provisions of the law that plaintiff claims the remedy by partition is exclusive, and that the court was without jurisdiction to entertain the foreclosure suit while the partition suit was pending. While the law provides that all claimants shall come in and set out their claims or that their claims will be deemed to be waived, we do not believe that this provision alone was intended to deprive the court of jurisdiction in a matter properly and regularly instituted. Plaintiff in the foreclosure suit appeared in the partition suit and set forth the nature and extent of his lien as required by section 2804. Therefore he did not waive his lien, and the defendants in the foreclosure suit (including the plaintiff in this proceeding) having defaulted, the court was not obliged to take judicial notice of the pendency of the partition suit and refuse to entertain the foreclosure suit. If plaintiff in this proceeding wished to avail himself of the exclusive features of the partition statute, he should have appeared in the foreclosure suit, either by motion or answer, and pleaded the pendency of the partition suit; or, having failed in that, he should have brought the foreclosure suit here on appeal if he wished a review of the judgment. The same reasoning

applies to the appointment of the receiver, and the result is the same.

Mandamus was never intended as a means of bringing judgments here for review, and, the court having had jurisdiction in' the foreclosure suit, the relief prayed for must be denied.

The alternative writ of mandamus will be dismissed.

Note.—Reported in 205 N. W. 35. See, Headnote (1), American Key-Numbered Digest, Abatement and Revival, Key-No. 17, 1 C. J. Sec. 150, Courts, Key-No. 478, 15 C. J. Sec. 586; (2) Mandamus, Key-No. 4(1), 38 C. J. Secs. 36, 44.